# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Daniel Lawson, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| I.C. System, Inc., a Minnesota corporation, | ) ) ) | Class Action |
| Defendant. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Daniel Lawson, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here and b) Plaintiff and Defendant reside here.

## PARTIES

3. Plaintiff Daniel Lawson ("Lawson") is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed to Comcast.

4. Defendant, I.C. System, Inc. ("ICS") is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. ICS operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, ICS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. ICS is authorized to conduct business in the State of Alabama and maintains a registered agent within, see record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant ICS conducts business in Alabama.

## FACTUAL ALLEGATIONS

6. On September 8, 2014, Mr. Lawson filed a Chapter 13 bankruptcy petition in a matter styled In re: Lawson, N.D. AL. Bankr. No. 14-82442-CRJ7. On August 28, 2105, he converted his bankruptcy to a Chapter 7. Among the debts listed on Mr. Lawson's converted Schedule F was a debt that he allegedly owed to Comcast. See Exhibit B.

7. On September 2, 2015, the court sent notice of the bankruptcy to Comcast via U.S. Mail, see, Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, attached as Exhibit C.

8. On December 3, 2015, Mr. Lawson received a discharge of his debts, and on December 5, 2015, Comcast was sent notice of this discharge via U.S. Mail, see, Certificate of Service to the Discharge of Debtor which is attached as Exhibit D.

9. In July of 2017, Mr. Lawson was attempting to purchase a house. He

learned that his credit score had dropped significantly.  This was because Defendant ICS had reported the Comcast debt as delinquent on Mr. Lawson's credit reports.  These same credit reports clearly listed Mr. Lawson's bankruptcy.  Relevant portions of Mr. Lawson's Equifax and Transunion credit reports are attached as Group Exhibit E.

10. Moreover, Mr. Lawson's bankruptcy was a matter of public record; it was in the files of the creditor; it was in the credit reports that Defendant was improperly reporting to; and it was readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

11. Furthermore, on July 18, 2017, Defendant sent Mr. Lawson a collection letter demanding payment of the Comcast debt he owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit F.

12. Defendant's violations of the FDCPA were material.  Defendant's improper negative credit report lowered Mr. Lawson's credit score and affected his ability to obtain credit.  Additionally, Defendant's continued collection communications to Mr. Lawson, despite Mr. Lawson having received his bankruptcy discharge, made Mr. Lawson believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code.

13. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1173-77 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-94

(11th Cir. 2010).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt.  See 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that is no longer owed, and reporting the debt as delinquent on his credit reports, despite his bankruptcy, constitutes the use of false and/or deceptive or misleading means to collect a debt, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-30 (7th Cir. 2004).

18. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy and discharge notices issued by the court (Exhibits C and D) provided notice to cease communications and cease collections.  By

continuing collection communications and by reporting the debt as delinquent on his credit report, despite Mr. Lawson's bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

22. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23. Plaintiff Daniel Lawson brings this action individually and as a class action on behalf of all persons similarly situated from whom Defendant attempted to collect a defaulted consumer debt, allegedly owed to Comcast, which had been discharged in a bankruptcy, through the same collection actions that Defendant employed against Mr. Lawson, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's collection actions violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24. Defendant ICS regularly engaged in debt collection, using the same collection actions that they used against Mr. Lawson against other consumers.

25. The Class consists of more than 35 persons from whom Defendant ICS attempted to collect defaulted consumer debts by making negative credit reports and by sending other consumers the same form collection letter they sent Mr. Lawson.

26. Mr. Lawson's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available

methods for the fair and efficient adjudication of this controversy.

27.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28.  Mr. Lawson will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Mr. Lawson has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Daniel Lawson, individually and on behalf of all other similarly situated, prays that this Court:

1.  Certify this matter as a class action, and appoint Plaintiff Lawson as the class representative, and his attorneys as class counsel;

2.  Find that Defendant's collection actions violate the FDCPA;

3.  Enter judgment in favor of Plaintiff Lawson and the class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

    4.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Daniel Lawson, individually and on behalf of all others similarly situated, demands trial by jury.

                      Daniel Lawson, individually and
                      on behalf of all others similarly situated,

                      By: /s/ David J. Philipps_____
                      One of Plaintiff's Attorneys

                      By: /s/ Ronald C. Sykstus_____
                      One of Plaintiff's Attorneys

Dated:  January 18, 2018

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com