UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **DANIEL LAWSON, on behalf of himself and all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | Civil Action Number |
| v. | ) | **3:18-cv-00083-AKK** |
| | ) | |
| **I.C. SYSTEM, INC.,** | ) ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Daniel Lawson brings claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against I.C. System, Inc. ("ICS"). Briefly, Lawson filed for bankruptcy and received discharge of his debts. Doc. 1 at 2. One of these debts—which Lawson allegedly owed to Comcast—is at issue in this litigation. After the discharge, ICS apparently reported the Comcast debt as delinquent on Lawson's credit reports, and also sent Lawson a collection letter demanding payment of this debt. *Id.* at 2-3. Lawson filed this lawsuit contending that ICS violated the FDCPA by demanding payment of a debt that is not owed, in violation of § 1692e (Count I), and failing to cease communication and collections after receiving notice to do so, in violation of § 1692c(c) (Count II). *Id.* at 4-5.

The court has for consideration ICS' Motion for Judgment on the Pleadings, doc. 9. "Judgment on the pleadings is appropriate where there are no material facts

1

in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). In ruling on the motion, the court "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* A Rule 12(c) motion for judgment on the pleadings is analyzed under the same standard as that of a Rule 12(b)(6) motion to dismiss. *Griffin v. SunTrust Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015). As such, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted); *see also Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (applying the *Iqbal* standard to an appeal concerning a Rule 12(c) judgment on the pleadings). In other words the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Turning to the specifics here, ICS basically contends that it had a right to rely on Comcast to determine the debt's legitimacy, and that Lawson never instructed ICS to cease further communications. The court agrees, in part.

**A. The § 1692e Claim (Count I)**

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although . . . it is not." *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1332 (M.D. Fla. 2010) (quoting *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004)) (internal quotation marks omitted). However, "[n]owhere in the FDCPA does the statute specifically require a debt collector to validate a debt prior to seeking collection of such debt." *Cornette v. I.C. Sys., Inc.*, 280 F. Supp. 3d 1362, 1369-70 (S.D. Fla. 2017). In fact, many courts "have found that debt collectors are entitled to rely on the information they receive from the creditor. They are not held strictly liable when they mistakenly attempt to collect amounts in excess of what is due, if they reasonably relied on information provided by their clients." *Id.* (collecting cases) (internal quotation marks omitted).

It is undisputed at this juncture that ICS demanded payment of a debt that Lawson no longer owed. *See* docs. 1, 9. At issue here is ICS' contention that it is

not liable because it is entitled to rely on information it received from Comcast. This may well prove to be the case ultimately. At this juncture, however, there is no evidence before the court that Comcast provided any information to ICS, or what that information entailed. Therefore, it is premature to decide, as a matter of law, that ICS reasonably relied on information provided by a creditor. Accordingly, ICS' motion is due to be denied as to Count I.

**B. The § 1692c Claim (Count II)**

Section 1692c provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," outside of certain exceptions not applicable here. 15 U.S.C. § 1692c(c).

Lawson is not contending that ICS failed to follow the directions, if any, he provided. Instead, Count II is based on Lawson's bankruptcy filing alone. More specifically, Lawson contends that filing for bankruptcy "set the necessary events in motion, such that his creditors were notified that he was refusing to pay and directing further communication to cease." Doc. 22 at 13. Critically, Lawson cites no authority to support this position, *see* doc. 22, which other courts have rejected, *see, e.g., Henderson v. Nationstar Mortg., LLC*, No. 1:14-CV-8194, 2015 WL 2375258, at *2 (N.D. Ill. May 15, 2015) ("Contrary to Plaintiff's argument, the

plain language of [§ 1692c(c)] therefore provides no indication that notice of bankruptcy is also sufficient to trigger a duty to cease communications"); *Shelley v. Ocwen Loan Servicing, LLC*, No. 1:13-CV-506-RLY-DKL, 2013 WL 4584649, at *8 (S.D. Ind. Aug. 28, 2013) ("Plaintiffs do not allege that they or anyone within this definition ever sent written notice to Ocwen. Instead, Plaintiffs rely on a notice issued by a bankruptcy court, which, by the plain language of [§ 1692c(c)], is not sufficient to provide notice"). Moreover, even if a notice issued by a bankruptcy court is sufficient, Lawson does not plead that the court presiding over his case sent such a notice to ICS. *See* doc. 1. Therefore, ICS' motion is due to be granted as to Count II.

For the reasons explained above, ICS' motion, doc. 9, is **GRANTED** only as to Count II. Count II is **DISMISSED WITHOUT PREJUDICE**.

The parties are **DIRECTED** to file a Rule 26 report that sets a discovery cutoff of December 31, 2018, and a dispositive motion deadline of January 31, 2019. This matter is **SET** for a pretrial conference at 2:15 p.m. on June 20, 2019 in Courtroom 4A of the Hugo L. Black United States Courthouse, and for trial at 9:00 a.m. on July 29, 2019, at the federal courthouse in Decatur, Alabama.

**DONE** the 24th day of August, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE